## Case No. 962.

### BANKS v. The METROPOLIS.

[45 Hunt, Mer. Mag. 590; 1 Pars. Adm. 597, note.]

Circuit Court, S. D. New York.   Nov. 8, 1861.

COLLISION—LOOKOUT — LIBELLANT'S DUTY TO ATTEMPT SALVAGE.

[The owner of a vessel sunk in a collision in the middle of Long Island sound, is not bound to attempt to save anything from the wreck, but is entitled to recover as for a total loss.]

[Cited in The Nebraska, Case No. 10,076.]

_____

[2] [From 8 O. G. 862.]

[Appeal from the district court of the United States for the southern district of New York.

[In admiralty. Libel by Simon Banks against the steamboat Metropolis for collision. The district court gave a decree for libellant, (unreported.) Respondent appeals. Affirmed.]

NELSON, Circuit Justice. The libel is filed in this case to recover damages against the Metropolis for a collision with the sloop Golden Rule, on the night of the 12th August, 1858, on Long Island sound, some five or six miles off Falkland's Island, and nearly midway between that and the Long Island shore. The sloop was laden with corn and feed and bound for Providence, Rhode Island. The Metropolis was on her usual trip from Fall river to the city of New York. The night was not very dark, the wind light, east southeast or southeast, the sloop going but one or two miles an hour, close hauled; she saw the lights of the steamer several miles off, and, when within some two or three miles, coming on a course apparently towards her, a bright light was hoisted by a hand standing on the deck; and afterwards, the steamer still continuing her course, he stood upon the top of the cabin, holding the light as high as he could with his arm.

The pilot of the Metropolis admits he saw a light of a vessel some two or three miles off on his port bow, but that it soon disappeared, and he did not again see it till the moment of the collision. No change was made in the course or speed of the vessel, which was sixteen miles an hour, after discerning the light; nor, for aught that appears, was there any attention paid to it. The look-out admits he saw no light, nor did he report any till just as the collision happened. The better opinion, upon the proofs, is that, with a competent and vigilant lookout on the steamer, the sloop might have been seen even without a light, as the night was not very dark; but, with the light exhibited on the sloop, of which we cannot doubt, as all on board testify to it, there is no excuse for not having seen her in time to have avoided the disaster. We consider the case a very plain one of fault on the part of the steamer. As to the damages, we agree with the court below that the libellant was entitled to recover on the basis of a total loss. The injury to the vessel and cargo was so great,—and both submerged near the middle of the sound, which, at the place of collision, was some sixteen miles wide,—he was not under obligation to encounter the hazard and expense of attempting their rescue, or to save anything from the wreck. If the attempt had resulted in the increase of his loss, which it probably would, the respondents would not have been liable for it.   Decree affirmed.